# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-496


**THE WEST CAMERON PORT,
HARBOR AND TERMINAL DISTRICT**

**VERSUS**

**THE LAKE CHARLES HARBOR
AND TERMINAL DISTRICT**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-17271
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## MICHAEL G. SULLIVAN
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**APPEAL DISMISSED.**

Michael K. Dees
Attorney at Law
Post Office Box 3753
Lake Charles, Louisiana 70602
(337) 439-3661
Counsel for Defendant/Appellant:
      Lake Charles Harbor and Terminal District

Randall K. Theunissen
Allen & Gooch
Post Office Box 3768
Lafayette, Louisiana 70502
(337) 291-1300
Counsel for Plaintiff/Appellee:
      West Cameron Port, Harbor and Terminal District

**SULLIVAN, Judge.**

Upon receipt of the record, this court issued a rule to show cause why the instant appeal should not be dismissed. Subsequently, plaintiff/appellee, West Cameron Port, Harbor and Terminal District, moved to dismiss the appeal filed by defendant/appellant, Lake Charles Harbor and Terminal District, on the ground that the judgment denying an exception of improper venue was a non-appealable, interlocutory ruling. For the reasons discussed below, we grant the motion to dismiss.

This case arises out of a petition for a declaratory judgment, injunctive relief, and damages. Defendant appealed from the judgment of the Thirty-Eighth Judicial District Court which denied an exception of improper venue. The trial court signed the judgment on March 20, 2006. On the next day, the trial court's clerk's office mailed a notice of judgment and filed a certificate of mailing same in the record.

Following the judgment, defendant filed a motion and order for suspensive appeal, which the trial court granted. Additionally, defendant filed notice of intent to apply for supervisory review. Thereafter, a record was compiled and, subsequently, lodged in this court on April 4, 2006.

Upon receipt of the record, this court issued a rule to show cause why the instant appeal should not be dismissed pursuant to the recent amendment to La.Code Civ.P. art. 2083. Plaintiff filed a motion to dismiss, seeking to have the instant appeal dismissed on the same ground.

The Legislature amended La.Code Civ.P. art. 2083 last year, effective January 1, 2006. In its present form, Article 2083 states that an interlocutory judgment is appealable only when expressly provided by law. Thus, the amendment precludes an appeal from a denial of an exception of improper venue, as there is no

1

statute expressly permitting an appeal from such a ruling.  Because the instant appeal seeks review of a judgment denying an exception of improper venue, the appeal is not properly before this court.  Accordingly, the appeal is dismissed at defendant's cost. Specifically, defendant, Lake Charles Harbor and Terminal District, is ordered to pay costs in the amount of $458.80.

**APPEAL DISMISSED.**